UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
    PRAKASH ABRAHAM ) Case No. 08-29220
)
    Debtor, )

### AFFIDAVIT OF SUCCESSOR CLAIMANT

I, Kyle Giem, being first duly sworn and on oath state as follows:

1. I am a resident of the State of Colorado. I am over 18 years of age, and have not been convicted of a felony or a crime involving dishonesty.

2. I have personal knowledge of the facts stated herein and if called to testify as a witness, I would testify consistent with the facts stated herein.

3. I am a Vice President of Aurora Commercial Corp., successor entity to Aurora Bank FSB.

4. I am authorized to provide this Affidavit on behalf of Aurora Commercial Corp. in support of its Motion to Withdraw Money Under 28 U.S.C. § 2042.

5. On or about December 16, 2009, L.P. Petro, Inc. d/b/a Bell Road Shell ("L.P. Petro") executed a promissory note in the principal amount of $405,500.00.

6. Attached hereto as **Exhibit A** is a true and correct copy of the promissory note executed by L.P. Petro, with the loan number redacted to remove personally identifiable information.

7. The L.P. Petro promissory note was guaranteed by debtor Prakash Abraham ("Debtor"), as President of L.P.Petro.

8. Attached hereto as **Exhibit B** is a true and correct copy of the guarantee executed by Debtor, with the loan number redacted to remove personally identifiable information.

9. Aurora Bank, FSB was the Registered Holder for Value of the loan extended to L.P. Petro, and was receiving payments under the Debtor's Modified Chapter 13 plan. (DE 19).

10. On December 2, 2013, the Debtor received a discharge from bankruptcy. (DE 36).

11. On December 20, 2013, the Trustee filed a Report of Deposit of Unclaimed Property. (DE 38).

12. Aurora Commercial Corp., as successor to Aurora Bank FSB, is owed a portion of the unclaimed funds in the amount of $5,968.44. *See* Exhibit A to Trustee's Report of Deposit of Unclaimed Property, count no. 25. (DE 38).

AFFIANT STATES NOTHING MORE.

_____
Kyle Giem
Vice President
Aurora Commercial Corp., successor entity to
Aurora Bank FSB

State of Colorado   )
                    )
County of Douglas   )

The foregoing instrument was
signed and sworn to before
me this 1st day of August, 2014.

_____
Notary Public

LYNETTE A SPOHN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20024026778
MY COMMISSION EXPIRES AUG 25, 2018

# EXHIBIT A



U S Small Business Administration

# NOTE

| SBA Loan # | |
|---|---|
| SBA Loan Name | BELL ROAD SHELL |
| Date | December 16, 1999 |
| Loan Amount | $405,500 00 |
| Interest Rate | Floating Rate Equal to Prime Plus Two and One-Half Percent (2½%) |
| Borrower | L P PETRO, INC |
| Operating Company | N/A |
| Lender | Transamerica Small Business Capital, Inc |

1 PROMISE TO PAY

In return for the Loan, Borrower promises to pay to the order of Lender the amount of Four Hundred Five Thousand Five Hundred and NO/100 Dollars ($405,500 00), interest on the unpaid principal balance, and all other amounts required by this Note

2 DEFINITIONS

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note

"Guarantor" means each person or entity that signs a guarantee of payment of this Note

"Loan" means the loan evidenced by this Note

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral

"SBA" means the Small Business Administration, an Agency of the United States of America

3 PAYMENT TERMS

Borrower must make all payments at the place Lender designates The payment terms for this Note are

Maturity This Note will mature in ten (10) years from date of initial disbursement

Repayment Terms

The interest rate on this Note will fluctuate The initial interest rate is ten and three quarters (10 75%) per year This initial rate is the prime rate on the date SBA received the loan application, plus two and one-half (2½%)

_____ / _____
Form 147 Promissory Note
Page 1

NPCHAR1 126953 1 NT (ABL) 000209 00067

Borrower must pay principal and interest payments of Five Thousand Five Hundred Twenty Eight and 53/100 Dollars ($5,528 53) every month, beginning two (2) months from the month this Note is dated, payments must be made on the first calendar day in the months they are due

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal

Lender may adjust the interest rate for the first time no earlier than the first calendar day of the first month after initial disbursement   The interest rate will then be adjusted quarterly (the "change period")

The "Prime Rate" is the prime rate in effect on the first business day of the month in which a change occurs, as published in the Wall Street Journal on the next business day

The adjusted interest rate will be two and one-half percent (2½%) above the Prime Rate   Lender will adjust the interest rate on the first calendar day of each change period   The change in interest rate is effective on that day whether or not Lender gives Borrower notice of the change

Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default   If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase

All remaining principal and accrued interest is due and payable ten (10) years from the date of Note

Late Charge   If a payment on this Note is more than ten (10) days late, Lender may charge Borrower a late fee of up to five (5%) percent of the unpaid portion of the regularly scheduled payment

## 4 RIGHT TO PREPAY

Borrower may prepay this Note   Borrower may prepay 20 percent or less of the unpaid principal balance at any time without notice   If Borrower prepays more than 20 percent and the Loan has been sold on the secondary market, Borrower must

- A  Give Lender written notice,
- B  Pay all accrued interest, and
- C  If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph B

If Borrower does not prepay within 60 days from the date Lender receives the notice, Borrower must give Lender a new notice

## 5 DEFAULT

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company

- A  Fails to do anything required by this Note and other Loan Documents,
- B  Defaults on any other loan with Lender,

Form 147 Promissory Note
Page 2

NPCHAR1 126953 1 NT (ABL) 000209 00067

| | |
|---|---|
| C | Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds, |
| D | Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA, |
| E | Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA, |
| F | Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note, |
| G | Fails to pay any taxes when due, |
| H | Becomes the subject of a proceeding under any bankruptcy or insolvency law, |
| I | Has a receiver or liquidator appointed for any part of their business or property, |
| J | Makes an assignment for the benefit of creditors, |
| K | Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note, |
| L | Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent, or |
| M | Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note |

6  LENDER'S RIGHTS IF THERE IS A DEFAULT

Without notice or demand and without giving up any of its rights, Lender may

| | |
|---|---|
| A | Require immediate payment of all amounts owing under this Note, |
| B | Collect all amounts owing from any Borrower or Guarantor, |
| C | File suit and obtain judgment, |
| D | Take possession of any Collateral, or |
| E | Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement |

7  LENDER'S GENERAL POWERS

Without notice and without Borrower's consent, Lender may

| | |
|---|---|
| A | Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses, |
| B | Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral  Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs  If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance, |
| C | Release anyone obligated to pay this Note, |
| D | Compromise, release, renew, extend or substitute any of the Collateral, and |
| E | Take any action necessary to protect the Collateral or collect amounts owing on this Note |

8  WHEN FEDERAL LAW APPLIES

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations  Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes  By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability  As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law

9  SUCCESSORS AND ASSIGNS

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns

10  GENERAL PROVISIONS

    A    All individuals and entities signing this Note are jointly and severally liable
    B    Borrower waives all suretyship defenses
    C    Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral
    D    Lender may exercise any of its rights separately or together, as many times and in any order it chooses  Lender may delay or forgo enforcing any of its rights without giving up any of them
    E    Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note
    F    If any part of this Note is unenforceable, all other parts remain in effect
    G    To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor  Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee, did not obtain, perfect, or maintain a lien upon Collateral, impaired Collateral, or did not obtain the fair market value of Collateral at a sale

11  STATE-SPECIFIC PROVISIONS

NONE

12  BORROWER'S NAME(S) AND SIGNATURE(S)

By signing below, each individual or entity becomes obligated under this Note as Borrower

    BORROWER

    L P PETRO, INC d/b/a BELL ROAD SHELL

    By _____
    Name  PRAKASH ABRAHAM
    Title  President

The guaranteed portion of this note has been transferred to a Registered Holder for value
Signed _____ Date 1/4/2000

# EXHIBIT B



U S Small Business Administration

# UNCONDITIONAL GUARANTEE

| SBA Loan # | |
|---|---|
| SBA Loan Name | BELL ROAD SHELL |
| Guarantor | PRAKASH ABRAHAM |
| Borrower | L P PETRO, INC |
| Lender | Transamerica Small Business Capital, Inc |
| Date | December /6, 1999 |
| Note Amount | $405,500 00 |

1 GUARANTEE

Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note This Guarantee remains in effect until the Note is paid in full Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor Lender is not required to seek payment from any other source before demanding payment from Guarantor

2 NOTE

The "Note" is the promissory note dated December /6, 1999, in the principal amount of $405,500 00 from Borrower to Lender It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit

3 DEFINITIONS

"Collateral" means any property taken as security for payment of the Note or any guarantee of the Note

"Loan" means the loan evidenced by the Note

"Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral

"SBA" means the Small Business Administration, an Agency of the United States of America

4 LENDER'S GENERAL POWERS

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor

    A    Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note,
    B    Refrain from taking any action on the Note, the Collateral, or any guarantee,
    C    Release any Borrower or any guarantor of the Note,

*PA* /

Form 148 Guarantee Agreement
Page 1

NPCHAR1 126954 1 GA (ABL) 000209 00067

    D    Compromise or settle with the Borrower or any guarantor of the Note,
    E    Substitute or release any of the Collateral, whether or not Lender receives anything in return,
    F    Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement,
    G    Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses, and
    H    Exercise any rights it has, including those in the Note and other Loan Documents

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender

## 5 FEDERAL LAW

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations  Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes  By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability  As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law

## 6 RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES

To the extent permitted by law

    A    Guarantor waives all rights to
        1)    Require presentment, protest, or demand upon Borrower,
        2)    Redeem any Collateral before or after Lender disposes of it,
        3)    Have any disposition of Collateral advertised, and
        4)    Require a valuation of Collateral before or after Lender disposes of it

    B    Guarantor waives any notice of
        1)    Any default under the Note,
        2)    Presentment, dishonor, protest, or demand,
        3)    Execution of the Note,
        4)    Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses,
        5)    Any change in the financial condition or business operations of Borrower or any guarantor,
        6)    Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note, and
        7)    The time or place of any sale or other disposition of Collateral

    C    Guarantor waives defenses based upon any claim that
        1)    Lender failed to obtain any guarantee,
        2)    Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral,
        3)    Lender or others improperly valued or inspected the Collateral,
        4)    The Collateral changed in value, or was neglected, lost, destroyed, or underinsured,
        5)    Lender impaired the Collateral,
        6)    Lender did not dispose of any of the Collateral,
        7)    Lender did not conduct a commercially reasonable sale,
        8)    Lender did not obtain the fair market value of the Collateral,
        9)    Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note,

10) The financial condition of Borrower or any guarantor was overstated or has adversely changed,
11) Lender made errors or omissions in Loan Documents or administration of the Loan,
12) Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor
13) Lender impaired Guarantor's suretyship rights,
14) Lender modified the Note terms, other than to increase amounts due under the Note If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts,
15) Borrower has avoided liability on the Note, or
16) Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents

## 7 DUTIES AS TO COLLATERAL

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee Lender has no duty to preserve or dispose of any Collateral

## 8 SUCCESSORS AND ASSIGNS

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns

## 9 GENERAL PROVISIONS

A     ENFORCEMENT EXPENSES Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs
B     SBA NOT A CO-GUARANTOR Guarantor's liability will continue even if SBA pays Lender SBA is not a co-guarantor with Guarantor Guarantor has no right of contribution from SBA
C     SUBROGATION RIGHTS Guarantor has no subrogation rights as to the Note or the Collateral until the Note is Paid in full
D     JOINT AND SEVERAL LIABILITY All individuals and entities signing as Guarantor are jointly and severally liable
E     DOCUMENT SIGNING Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral
F     FINANCIAL STATEMENTS Guarantor must give Lender financial statements as Lender requires
G     LENDER'S RIGHTS CUMULATIVE, NOT WAIVED Lender may exercise any of its rights separately or together, as many times as it chooses Lender may delay or forgo enforcing any of its rights without losing or impairing any of them
H     ORAL STATEMENTS NOT BINDING Guarantor may not use an oral statement to contradict or alter the written Terms of the Note or this Guarantee, or to raise a defense to this Guarantee
I     SEVERABILITY If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect
J     CONSIDERATION The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan

## 10 STATE-SPECIFIC PROVISIONS

NONE

## 11 GUARANTOR ACKNOWLEDGMENT OF TERMS

_[initials]_

Form 148 Guarantee Agreement
Page 3

NPCHAR1 126954 1-GA (ABL) 000209-00067

Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers

12  GUARANTOR NAME(S) AND SIGNATURE(S)

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee

GUARANTOR

_____
PRAKASH ABRAHAM

Form 148 Guarantee Agreement
Page 4

NPCHAR1 126954 1 GA (ABL) 000209-00067